DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Goodyear Tire and Rubber Company, | ) | |
| | ) | CASE NO. 5:08 CV 1118 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Dow Deutschland GmbH & Co., OHG, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

The Court previously conducted a telephone conference on October 22, 2009 concerning two discovery disputes. The first dispute concerned how much time the Court would allow a non-party witness[1] in this case to be deposed on November 3, 2009 for the purpose of providing trial testimony. The Court determined that plaintiff would be allocated four hours and that defendants would be allocated six hours, for a total deposition time of ten hours. *See* ECF 117.[2]

---

[1] Mr. Vogelzang, who will be deposed in the Netherlands, is a employee of the former Shell Defendants, with whom plaintiff Goodyear has entered into a settlement agreement as discussed, *infra*.

[2] Defendants' subsequent request to increase defendants' allocated deposition time to eight hours is denied. *See* ECF 121. The Court anticipates that should a trial occur in this case, the Court will impose time limitations on the parties with respect to conduct of the trial. The Court has previously imposed trial time limitations as a tool to efficiently manage litigation in other anti-trust cases. *See Re/Max International, Inc. et al., v. Realty One, Inc., et al.*, Case No. 1:94 CV 62. Time spent examining and cross-examining witnesses at trial is counted against the parties' respective time allocation. Consequently, time spent by the parties examining witnesses in trial depositions will also be counted against the parties' time allocation if that testimony is used at trial.

The second dispute concerned whether a settlement agreement between plaintiff Goodyear and former defendants in this case, the Shell Defendants,[3] the "Settlement Agreement," is discoverable. At the conclusion of the telephone conference, the Court directed plaintiff Goodyear to provide the Settlement Agreement to the Court for *in camera* review and the parties to file briefs in support of their respective positions by 4:00 p.m. on October 26, 2009. *See* ECF 117.

The Court has received the Settlement Agreement for *in camera* review. Defendants filed their brief in support of the motion to compel production of the Settlement Agreement and plaintiff filed its brief opposing production. ECF 119 and 120. The parties also filed letters related to both discovery disputes. *See* ECF 118, 121, and 122.

The Court's prior order regarding the parties' time allocation for the trial desposition of Vogelzang remains in effect, although the Court notes that Goodyear represents it does not anticipate using its entire time allocation. *See* ECF 117 and 122. With respect to the Settlement Agreement, defendants' motion to compel is granted in part and denied in part.

## I. Background

This anti-trust case brought by the plaintiff Goodyear against defendants, Bayer AG, Bayer Material Science L.L.C. f/k/a Bayer Polymers L.L.C., Bayer Corporation, Dow Chemical Company, Dow Deutschland Inc., Dow Deutschland GmbH & Co. OHG, Dow Europe GmbH, Eni S.p.A., Syndial S.p.A., Polimeri Europa Americas, Inc. and Polimeri Europa S.p.A., and the

[3] Shell Chemical, LP, Shell Petroleum N.V., Shell Nederland B.V., and Shell Nederland Chemie, B.V. were previously defendants in this action.

Shell Defendants, was initially filed on May 2, 2008, alleging a conspiracy among the defendants to sell synthetic rubber products, identified as Butadiene Rubber ("BR") and Styrene Butadiene Rubber ("SBR"), to Goodyear at agreed-on inflated prices in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. ECF 1. Goodyear subsequently filed an amended complaint, also alleging a conspiracy to sell BR and SBR to Goodyear, however, the amended complaint did not include the Shell Defendants. ECF 49. The Shell Defendants, having reached a settlement agreement with Goodyear, are no longer defendants in this action.

II. Defendants' Motion to Compel the Settlement Agreement

The Settlement Agreement is now the object of a discovery dispute between plaintiff Goodyear and the defendants. Mr. Vogelzang ("Vogelzang"), a former employee of the Shell Defendants, allegedly attended meetings with employees of the remaining defendants at which the alleged anti-trust conspiracy occurred. Vogelzang is being deposed by Goodyear on November 3, 2009 for the purpose of providing trial testimony.

In addition to his anticipated testimony, Vogelzang provided a declaration regarding his role as an employee of the Shell Defendants, and the alleged actions of the defendants named in the amended complaint, in the anti-trust conspiracy alleged by Goodyear. Plaintiff's counsel has provided Vogelzang's declaration to defendants' counsel and the Court. *See* ECF 118.

Defendants contend that the cooperation between Goodyear and the Shell Defendants to prove Goodyear's case is extensive and arises from the Settlement agreement, and that defendants are therefore entitled to discovery of the Settlement Agreement to determine bias and the reliability of Vogelzang's testimony. Plaintiff opposes discovery of the Settlement

Agreement on the grounds that it is not relevant, but subject to certain conditions, plaintiff has offered to provide the defendants with the cooperation provision of the Settlement Agreement. However, defendants argue that they are entitled to the entire agreement to understand the merits of the case, how the cooperation provision relates to the entire Settlement Agreement, and the offset amount Goodyear's remaining damages claim.

III. Law and Analysis

The parameters for discovery provided by Federal Rule of Civil Procedure 26 are well known. Rule 26 provides for the discovery of any non-privileged matter that is relevant to the subject matter of the pending action. Discovery requests are generally not objectionable if the information sought appears to be reasonably calculated to lead to the discovery of admissible evidence. *Sollit v. KeyCorp.*, 2009 WL 723196 (N.D. Ohio) (citing Fed. R. Civ. P. 26(b)(1) and *U.S. v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976) (commenting that the "Federal Rules of Civil Procedure authorize 'extremely broad' discovery")). Evidence regading settlement is inadmissible to prove liability under Federal Rule of Evidence 408, however, Rule 408 does not exclude settlement evidence offered to prove a witness's bias or prejudice. *Croskey v. BMW of North America, Inc.*, 532 F.3d 511, 519 (6th Cir. 2008).

In this case, plaintiff acknowledges that the Settlement Agreement contains a cooperation provision and has agreed to provide that portion of the Settlement Agreement to defendants. It is anticipated that Vogelzang's trial deposition testimony will address alleged meetings among the defendants regarding the alleged anti-trust conspiracy by defendants concerning Goodyear, BR and SBR. Vogelzang's credibility or bias, including credibility and bias related to the Settlement

Agreement, is relevant to this litigation, and therefore discoverable under Rule 26(b). Further, Rule 408 permits use of settlement evidence when offered to prove witness bias or prejudice. Accordingly, the Court finds that the Settlement Agreement's cooperation provision is relevant and discoverable under Rule 26. The Court is not persuaded that discovery of the Settlement Agreement as to provisions other than the cooperation provision is relevant at this time, however, defendants are free to renew their discovery request regarding the Settlement Agreement should developments in this case later support an argument for relevance as to the entire agreement.

## IV. Conclusion

For the reasons discussed herein, defendants' motion to compel discovery of the Settlement Agreement's cooperation provision is GRANTED. Defendants' motion to compel discovery of the entire Settlement Agreement, is DENIED.

It is the Court's understanding that the cooperation provision of the Settlement Agreement consists of paragraph 14 and all of its subparts. Counsel for plaintiff is directed to provide paragraph 14, and all of its subparts, to counsel for defendants by the close of business October 28, 2009, and to file a notice with the Court verifying compliance with this Order.

The Clerk is directed to manually SEAL the Settlement Agreement and the Vogelzang declaration provided to the Court by plaintiff's counsel.

IT IS SO ORDERED.

October 28, 2009
Date

*/s/ David D. Dowd, Jr.*
David D. Dowd, Jr.
U.S. District Judge